

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD–0683–11

**JIMMY GONZALES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS TAYLOR COUNTY

**MEYERS, J., filed a dissenting opinion in which PRICE, J., joined.**

### DISSENTING OPINION

An officer cannot investigate to see if community caretaking is needed–he must actually observe a threat to the general public *before* he can investigate. The majority cites the following factors from *Wright v. State*, 7 S.W.3d 148, 152 (Tex. Crim. App. 1999), which it says are relevant to the determination of whether an officer acted reasonably in a community-caretaking stop: (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the

individual was alone and/or had access to assistance independent of that offered by the officer; and (4) to what extent the individual–if not assisted–presented a danger to himself or others. The majority says the fourth *Wright* factor "should be afforded little weight in light of the unique facts presented by this record." However, the consideration of whether the individual presents a danger to himself or others is the crux of the community-caretaking function by the police. Here, (1) Appellant exhibited no distress at all; (2) he was located safely on the shoulder of the road at a time when there was very little traffic, so no possibility of danger to other drivers; (3) the officer could not tell if Appellant was alone, and; (4) he presented no danger to himself or others.

In order to invoke a community-caretaking role, an officer must observe activity that puts the well-being of the general public at risk. Someone who has safely pulled over on the side of the road may be looking at a map, talking on a cell phone, sending a text message, or picking up an item dropped on the floor of the car. I understand, of course, that he could also be having medical problems or car trouble. But here, Appellant gave no indication that he was in distress or needed help, and he had done nothing that should make the officer concerned for the safety of the general public. All the officer knew was that Appellant had briefly pulled over, at night, in an out-of-the-way location. The officer had no idea why Appellant pulled over. But, what the officer does *not* know cannot render the stop reasonable. The majority appears to convert the officer's ignorance into a rationale for saying that his caretaking concern was justified. The officer was

investigating to see what Appellant was doing, without any reason to think that there was something wrong. That, quite obviously, is a violation of the Fourth Amendment. The majority sets a dangerous precedent here by basically saying that an officer may investigate a person's harmless activities without observing any danger or distress.

However well-intentioned the officer was in this case, the community-caretaking exception to the Fourth Amendment's prohibition of unreasonable searches and seizures should be reserved for circumstances in which police intervention is clearly necessary. Because no such circumstances existed in this situation, I respectfully dissent.


Meyers, J.


Filed: June 27, 2012

Publish